**UNITED STATES of America,
Plaintiff—Appellee**

v.

**Willie David MYLES, Defendant—
Appellant.**

**No. 05–51357
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Dec. 14, 2006.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

---

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

James Scott Sullivan, San Antonio, TX, for Defendant–Appellant.

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM: *

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

Willie David Myles appeals the sentences imposed following the revocation of his supervised release terms following his convictions for distribution of cocaine. He argues that the district court erred by imposing a sentence outside the guidelines sentence range and that the district court erred in not explicitly referencing the sentencing factors set forth in 18 U.S.C. § 3553(a).

Before *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), we reviewed a sentence imposed upon revocation of supervised release to determine whether it violated the law or was plainly unreasonable. *See United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir.2001). Also before *Booker*, if, like Myles, a defendant argued that the district court failed to consider the § 3553(a) factors for the first time on appeal, we reviewed that issue for plain error. *See United States v. Vontsteen*, 950 F.2d 1086, 1091, 1093 (5th Cir. 1992). After *Booker*, it is unclear whether the same standards apply or if we instead review a revocation sentence only for "unreasonableness". *United States v. Hinson*, 429 F.3d 114, 120 (5th Cir.2005), *cert. denied*, — U.S. ——, 126 S.Ct. 1804, 164 L.Ed.2d 540 (2006). Similar to *Hinson*, we need not decide the standard-of-review issues presented by this appeal because Myles's sentences are proper under any standard. *Id.*

The 21–month terms of imprisonment imposed upon revocation of Myles's supervised release did not exceed the statutory maximum terms of imprisonment that the district court could have imposed. *See* 18 U.S.C. § 3583(e)(3). Moreover, the 21–month sentences were within the guidelines range recommended by U.S.S.G. § 7B1.4(a). The district court had the authority and discretion to impose consecu-

published and is not precedent except under the limited circumstances set forth in 5TH CIR.

tive sentences upon revocation of Myles's concurrent terms of supervised release. *See United States v. Gonzalez*, 250 F.3d 923, 925–29 (5th Cir.2001).

The district court explicitly stated that the ends of justice and the best interest of the public would not be served if Myles continued on supervised release. Moreover, because the sentences imposed upon revocation of the supervised release terms were within the applicable advisory guidelines ranges, it is inferred that the district court considered all of the § 3553(a) factors. *See United States v. Candia*, 454 F.3d 468, 472–73 (5th Cir.2006). Accordingly, because Myles has not shown error with respect to his sentences, the judgment of the district court is AFFIRMED.